# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHOE KEYS SMI, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>M/V SIERRA ROSE, a 2005 85' FRED FINNEY TRIPLE VESSEL, U.S.C.G. OFFICIAL NO. 1177228, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*,<br><br>Defendant. | CASE NO. 2:26-cv-01356-DJC-CSK<br><br>**IN ADMIRALTY**<br><br>**ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZING MOVEMENT OF VESSEL**<br><br>**[F.R.C.P. Supplemental Admiralty Rules C and E]**<br><br>**46 U.S.C. §§ 31301-31343** |

ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZATION MOVEMENT OF VESSEL

Plaintiff Tahoe Keys SMI, LLC ("Tahoe Keys"), by and through its attorneys, Law Office of Alexander T Gruft, having appeared and made the following recitals:

1.     On or about April 6, 2026, Tahoe Keys filed its Verified Complaint herein, praying that the Defendant Vessel be condemned and sold to pay Tahoe Keys' demands and for other proper relief.

2.     It is anticipated that the Clerk of this Court will issue a Warrant for Arrest of the Vessel "Sierra Rose", a 2005 85' Fred Finney Triple motor vessel (U.S.C.G. No. 1177228), its rigging, tackle, apparel, furniture, engines, bunkers, and all other necessaries thereunto appertaining and belonging ("Defendant Vessel") commanding the U.S. Marshal for this District to arrest the Defendant Vessel and take her into custody, and that upon being provided with the duly-issued Warrant of Arrest and associated pleadings herein, the U.S. Marshal will seize the Defendant Vessel forthwith.

3.     Custody by the U.S. Marshal requires the services of one or more keepers, and does not include charges for wharfage and the other services usually associated with safekeeping vessels similar to the Defendant Vessel.

4.     Plaintiff owns and operates the Tahoe Keys's marina, located at 2435 Venice Dr. E, South Lake Tahoe, California 96150. Plaintiff agrees to assume the responsibility for safekeeping of the Defendant Vessel, and to act as her Substitute Custodian until further Order of this Court. Plaintiff will provide, as necessary under the circumstances, the following services for the safekeeping and preservation of the Defendant Vessel, at a cost not to exceed those prevailing rates of South Lake Tahoe, as described below with further particularity in the Declaration of Katie Linton:

a.     As soon as possible after assuming custody of the Vessel, at a cost of $350.00, photograph and/or videotape her interior and exterior, and prepare a

2

written inventory of key equipment and property on the Vessel which is not installed as part of the Vessel;

b.      Provide ongoing wharfage services at the marina's current standard transient rate of $86.00 per foot of vessel length (i.e., 85 ft. x $86.00 = $7,310.00 per month or $243.66 per day);

c.      Provide ongoing custodial services at the slip where the Vessel lies or another slip within the Substitute Custodian's marina, at the marina's rate of $4.50 per foot of vessel length per day (i.e., 85 ft. x. $4.50 - $382.50 per day), which rate shall include wharfage services, maintenance of the insurance specified below, and general custodial services, including periodic inspection of mooring lines/fenders to assure safe and secure mooring, daily visual inspection of the exterior of the Vessel for evidence of water intrusion, tampering or any other problems, and "walk by" inspections by marina personnel.

d.      Periodically and as deemed prudent under the existing circumstances, but no less than weekly, at the rate of $75.00 per inspection, inspect the interior of the Vessel for watertight integrity, excessive bilge water and fuel lubricant leaks. If it is determined that further action is necessary beyond those detailed herein the Substitute Custodian shall notify its counsel, so counsel can seek an appropriate Order from the Court.

e.      Provide at rates not exceeding the usual and customary rates prevailing in South Lake Tahoe additional services, including cleaning, minor maintenance, inspection of bottom by a diver for the purpose of cleaning and reporting findings regarding underwater hull, metal and zinc conditions, as such services are deemed reasonably prudent and necessary to preserve and protect the Vessel.

f.      Engines and other machinery will be operated only as directed in a Court Order.

g.      Provide other such services as might be required from time-to-time, by further order of the Court.

3

ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZATION MOVEMENT OF VESSEL

5.    The Substitute Custodian's responsibility shall not extend to inherent or latent defects or deficiencies in the hull, machinery or equipment, nor to any fines, penalties or costs related to the above.

6.    The Substitute Custodian will not sell the Defendant Vessel, release her to anyone and/or let anyone aboard her, other than in the case of emergency or as directed by the Court. Local Admiralty and In Rem Rule 550(a), (c) provides that the Court is empowered to appoint a Substitute Custodian "in lieu of the Marshal," and requires that the Application for Appointment of Substitute Custodian "show establish the suitability of the substitute custodian and the existence of adequate insurance."

7.    Tahoe Keys, by the declaration of Ms. Linton, avers that it has adequate facilities and supervision for the proper safekeeping of the Defendant Vessel and that it maintains several insurance policies which protect it against negligence during its custodianship, including: (a) a $2,000,000 (per occurrence and aggregate total) commercial general liability policy underwritten by Transportation Insurance Co.; (b) a $1,000,000 (per occurrence and aggregate total) automobile liability policy, underwritten by Transportation Insurance Co.; (c) a $10,000,000 (per occurrence) umbrella liability policy, underwritten by Transportation Insurance Co.; (d) a $1,000,000 (per occurrence) Workers Compensation and Employers' Liability policy, underwritten by Transportation Insurance Co.; (e) a $40,000,000 (per occurrence and aggregate) excess liability policy, underwritten by Transportation Insurance Co.; (f) a $1,000,000 (per vessel) Protection & Indemnity (Club) – Marine policy, underwritten by Transportation Insurance Co.; and (g) a $5,000,000 (per occurrence) Contractors Pollution Liability policy, underwritten by Transportation Insurance Co. Further, in the Declaration, the Substitute Custodian accepts, in accordance with the terms of the Order Appointing Substitute Custodian and Authorizing Movement of the Defendant Vessel, possession of the Vessel, her engines, boilers, tackle, apparel,

4

furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, which is the subject of this action.

8.     Tahoe Keys, in consideration of the United States Marshals' consent to the substitution of custodian, agrees to release the United States and the Marshals Office from any and all liability and responsibility arising out of the care and custody of the Defendant Vessel, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, from the time the Marshal transfers possession of the Defendant Vessel over to said Substitute Custodian, and said Tahoe Keys further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the Substitute Custodians possession and safekeeping.

Plaintiff moved for the appointment of a substitute custodian. The Court may order that custody of the vessel be given to a Substitute Custodian if the Court finds they can safely keep the vessel and has in effect adequate insurance. Local Admiralty and In Rem Rule 550(a), (c).  The Court finds that Plaintiff satisfies the local rule and **GRANTS** the motion to appoint Plaintiff as substitute custodian authorized to move the Defendant Vessel.

**THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal for the Eastern District be, and is hereby, authorized and directed upon seizure of the Defendant Vessel, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, pursuant to Warrant for Arrest to be issued by the Clerk of this Court pursuant to Order of the Court, to surrender the possession thereof to the Substitute Custodian named herein, and that upon such surrender the U.S. Marshal shall be discharged from its duties and responsibilities for the safekeeping of the Defendant Vessel and held harmless from and against any and all claims whatever arising out of said substituted possession and safekeeping.

**IT IS FURTHER ORDERED** that Plaintiff be and is hereby appointed the

5

ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZATION MOVEMENT OF VESSEL

Substitute Custodian of said Defendant Vessel, to retain the same in its custody at the Tahoe Keys in her current slip or another one at the marina, for possession and safekeeping for the aforementioned compensation and in accordance with the Declaration of Katie Linton and the recitals herein contained until further Order of this Court.

**IT IS FURTHER ORDERED** that Plaintiff shall provide the services described in Paragraph 4 above at a cost not to exceed the prevailing rates of South Lake Tahoe.

**IT IS FURTHER ORDERED** that Plaintiff must not sell the Defendant Vessel, release her to anyone or let anyone aboard her except in an emergency or as directed by the Court.

**IT IS FURTHER ORDERED** that if Plaintiff thinks further action is necessary for safekeeping beyond the instructions in this Order, Plaintiff shall seek an appropriate order from the Court.

**IT IS FURTHER ORDERED** that Plaintiff's attorney will serve a copy of this Order on the Defendant Vessel's owner or apparent owner, and on all known maritime lien claimants and/or others with a known or suspected interest in the Defendant Vessel.

Dated:  April 27, 2026          /s/ Daniel J. Calabretta

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

6

ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZATION MOVEMENT OF VESSEL